Joan B. Tucker Fife (SBN: 144572)
joan.fife@winstontaylor.com
WINSTON TAYLOR LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Jason Campbell (SBN: 285044)
jason.campbell@winstontaylor.com
Peyton Sherwood (SBN: 354197)
peyton.sherwood@winstontaylor.com
Jennifer Oh (SBN: 358300)
jennifer.oh@winstontaylor.com
WINSTON TAYLOR LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION &
U.S. BANCORP

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JAY KORNHABER, GAYANE ANTAPLIAN, KISHIRA CALDWELL, and MARIUS POPESCU, Individually, and on behalf of all other Aggrieved Employees,

Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION; U.S. BANCORP; and DOES 1 through 50, inclusive,

Defendants.

**Case No.** 2:26-cv-12524

**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AND U.S. BANCORP'S NOTICE OF REMOVAL**

Complaint filed: September 17, 2026

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), and 1446, Defendants U.S. BANK NATIONAL ASSOCIATION and U.S. BANCORP (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles ("Los Angeles Superior Court") to this United States District Court for the Central District of California. In support of the removal, Defendants state as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court pursuant to 28 U.S.C. section 1332 because at the time the Class Action Complaint was filed, and at this time: (1) the putative class proposed by Plaintiffs Jay Kornhaber, Gayane Antaplian, Kishira Caldwell, and Marius Popescu (collectively, "Plaintiffs") includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiffs' claims exceeds $5,000,000 exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. section 1332(d).

## II. VENUE

2. On September 17, 2026, Plaintiffs filed a Complaint titled *Jay Kornhaber et al. v. U.S. Bank National Association et al.,* Case No. 26STCV29594, in Los Angeles Superior Court. Venue therefore properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c), 1391, and 1441(a).

## III. THE STATE COURT ACTION IN THIS CASE

3. The Summons and Complaint were served upon Defendant U.S. Bancorp on September 25, 2026. A true and correct copy of the Summons and Complaint along with

all other documents concurrently served (the Civil Case Cover Sheet, Notice of Case Assignment, Plaintiffs' Peremptory Challenge to Judicial Officer, Notice of Case Reassignment and Order for Plaintiff to Give Notice, Initial Status Conference Order (Complex Class Actions), the Court's September 24, 2026, Minute Order, and the ADR Information Package) as served on Defendant U.S. Bancorp is attached hereto as **Exhibit A**.

4. The Complaint alleges claims for (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to keep and provide accurate itemized wage statements; (5) failure to pay waiting time penalties; (6) failure to timely pay earned wages; (7) failure to provide rest periods; (8) failure to reimburse business expenses; (9) failure to pay reporting time pay; (10) failure to pay split shift wages; (11) failure to provide notice of paid sick time and accrual; and (12) unlawful business practices.

5. On October 23, 2026, Defendants U.S. Bank National Association and U.S. Bancorp filed an Answer to the Complaint in Los Angeles Superior Court. A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

## IV. JOINDER

6. Other than the "Doe" defendants, no other defendants are named in the Complaint, and Defendants U.S. Bank National Association and U.S. Bancorp are not aware of any other defendants having been served with a copy of the Complaint.

## V. JURISDICTION PURSUANT TO CAFA

7. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district courts where the proposed class involves 100 or more members, or where the primary Defendant is not State, State

Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5). Thus, as set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d) because it is a civil action filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that Plaintiffs set forth in the Complaint; Plaintiffs and Defendants are citizens of different states; and no Defendant is a state, state official, or government entity.

**A. Numerosity**

8. CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). The number of putative class members in this case exceeds 100.

9. Plaintiffs here purport to define fourteen classes ("within the time period from four (4) years preceding the filing of [Plaintiffs'] [C]omplaint, up to and through the time of trial for this matter" (Compl. ¶ 3)), each aligned with one of Plaintiffs' claims. Plaintiffs define the "relevant employees" in this action as Defendants' "current and former employees, who were or are employed in California who were or are paid on an hourly non-exempt basis for the time period beginning four years prior to the date of this Complaint, through the date of judgment" (*Id.* ¶ 4):

a. **Overtime Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom DEFENDANTS failed to pay overtime wages (hereinafter, the "Overtime Class");

b. **Rounding Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that were subject to DEFENDANTS' round policies and practices (hereinafter, the "Rounding Class");

c. **Minimum Wage Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom DEFENDANTS failed to pay minimum wages (hereinafter, the "Minimum Wage Class");

d. **Meal Period Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that were not provided a legally adequate meal period for each day in which such employees worked five (5) or more [sic] and were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided (hereinafter, the "Meal Period Class");

e. **Rest Period Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that were not provided a legally adequate rest period for each day in which such employees was [sic] not provided a 10-minute rest break for every four (4) hours of work, or every major fraction thereof as employees were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that rest breaks were not provided (hereinafter, the "Rest Period Class");

f. **Auto-Deduct Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra), worked time [sic] that was automatically deducted from their pay (hereinafter, the "Auto-Deduct Class");

g. **Timely Payment Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that did not receive all wages owed to them on time in compliance with Labor Code Section 204;

h. **Waiting Time Penalties Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that did not receive all wages owed to them at the time of termination or resignation (hereinafter, the "LC203 Class");

i. **Failure to Keep Accurate Pay Records Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who were not provided with accurate and complete time keeping records that recorded all work periods, the total numbers of hours worked, and correct wages owed (hereinafter, the "Pay Records Class");

j. **Itemized Wage Statements Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) that did not receive an itemized wage statement that listed the correct straight and/or overtime number of hours that the employee worked in the pay period, the correct corresponding rates of pay, the correct gross and net wages earned, and/or correct name and address of the legal entity at their employer (hereinafter, the ["]Itemized Wage Statement Class");

k. **Failure to Reimburse Business Related Expenses Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive all wages owed for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 (hereinafter, the [“]Business Expense Class”);

l. **Failure to Pay Reporting Time Pay Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not properly receive reporting time pay in accordance with the I.W.C. Wage Orders;

m. **Failure to Pay Split Shift Wages Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive split shift wages in violation of the IWC Wage Orders;

n. **Failure to Provide Notice of Paid Sick Time and Accrual Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) who did not receive notice of paid sick time and accrual in violation of Labor Code §246.

*Id.* ¶¶ 58–72.

10. Plaintiffs further allege that Defendants had consistent and uniform illegal policies that applied to all non-exempt employees throughout California within the applicable statute of limitations. *See, e.g.*, *id.* ¶¶ 7, 32–33, 43, 45, 48, 60, 75, 80, 83, 88–89, 100; Prayer for Relief ¶ 4.

11. There are at least **5,072** California non-exempt employees of Defendants from May 23, 2024,[1] to the present.

12. There are at least **1,273** California non-exempt employees of Defendants who have terminated from their employment from May 23, 2024, to the present.

**B. Diversity of citizenship**

13. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). The

[1] A class action settlement in an earlier case, *Molina v. U.S. Bank National Association* (San Bernardino County Superior Court, Case No. CIV SB 2302908), settled the claims Plaintiffs assert in this case, with the class-wide release running through May 22, 2024.

citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

**a. Plaintiffs are citizens of California**

14. All Plaintiffs allege that they reside in California. Compl. ¶¶ 8–11. Additionally, Plaintiffs' resumes that they submitted to obtain employment indicated that they previously lived and worked in California, and the addresses that Plaintiffs provided to U.S. Bank throughout their employment were California addresses. This demonstrates "intention to remain" in California and establishes domicile and citizenship in California. *See, e.g.*, *Kaldis v. Wells Fargo Bank, N.A.*, No. 2:16-cv-06407-ODW-GJS, 2016 WL 6407377, at *7 (C.D. Cal. Oct. 28, 2016) (noting that other objective facts, including plaintiff's place of employment and her own statement in her complaint that she resided in California, may further establish a plaintiff's citizenship for purposes of removal).

**b. Defendants are not citizens of California**

15. U.S. Bank National Association was, at the time of the filing of this action, and still is, a citizen of a state other than California. U.S. Bank National Association was and is a national banking association with its main office in Cincinnati, Ohio. Accordingly, U.S. Bank National Association was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located").

16. U.S. Bancorp was, at the time of the filing of this action, and still is, a citizen of Delaware (its state of incorporation) and Minnesota (its headquarters). *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

17. The caption also lists "DOES 1 through 50" as defendants. There are no "Doe Defendants" in federal district court. For purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in the removal petition). As noted above, Defendants are not aware of any other defendant having been served with a copy of the Complaint. Codefendants not served need not join in the removal for removal to be proper. *Destfino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011). Thus, the inclusion of Doe defendants in the Complaint does not deprive this Court of jurisdiction.

18. Diversity of citizenship exists under CAFA in accordance with 28 U.S.C. section 1332(d)(2) because Plaintiffs are citizens of California, while the named Defendants are citizens of other states, to wit: Defendant U.S. Bank National Association is a citizen of Ohio, and Defendant U.S. Bancorp is a citizen of Delaware and Minnesota.

**C. The amount in controversy exceeds $5,000,000**

19. CAFA authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). Plaintiffs do not specifically allege an amount of damages and/or recoverable penalties in the Complaint, nor do they allege that the aggregate amount in controversy is less than $5,000,000. Therefore, Defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549 and 553 (2014) (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.,* No. CV176166PSGFFMX, 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017). The amount in controversy refers to "***possible*** liability"—not "likely or probable liability." *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022) (citing

*Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis in original)). It is "supposed to be an estimate of the ***entire*** potential amount at stake in the litigation." *Id.* (emphasis in original).

20. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiffs will prevail on each and every one of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns* v. *Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus* v. *Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

21. While Defendants deny the merits of the claims, for purposes of determining whether CAFA jurisdiction exists, Plaintiffs' Complaint puts more than $5,000,000 (exclusive of interest and costs) in controversy.

**a. Waiting Time Penalties**

22. Plaintiffs allege, *inter alia*, that Defendants "established a time keeping [sic] policy . . . [and] have failed to pay for all wages due" and had an "illegal policy and/ or [sic] practice of failing to legally compensate putative class members." Compl. ¶¶ 7, 80. On this basis, Plaintiffs assert that they and the putative class members are entitled to penalties pursuant to California Labor Code section 203 ("Waiting Time Penalties"). *See id.* ¶¶ 31, 56, 66, 75, 104–110, Prayer for Relief ¶ 2.

23. Waiting Time Penalties may be included when determining the amount in controversy and are calculated at the terminated employee's daily wage rate multiplied by up to 30 days. *See Sarmiento v. Vitas Healthcare Corp. of California*, No. 2:25-CV-04025-MAA, 2025 WL 2417182, at *7 (C.D. Cal. Aug. 19, 2025); *Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-GPC(BLM), 2019 WL 5677846, at *9 (S.D. Cal. Nov. 1, 2019); *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998), as modified (Dec. 11, 1998)

("the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days").

24. There are at least 1,273 non-exempt employees of Defendants who have terminated from their employment from May 23, 2024, to the present.[2] Their average base hourly rate at the time of termination was $28.43.

25. Because Plaintiffs seek 30 days of Waiting Time Penalties pursuant to Labor Code section 203, the amount in controversy of the aggregate penalties potentially recoverable based on Plaintiffs' allegations is **$8,685,933.60** (1,273 class members x $28.43 per hour x 8 hours per day x 30 days). Thus, accepting Plaintiffs' allegations as true for the purposes of removal only, the potential recoverable damages for Plaintiffs and the putative class members in Waiting Time Penalties alone exceed the amount in controversy requirement for the purposes of determining jurisdiction under CAFA.

**b. Wage Statement Penalties**

26. Plaintiffs allege that Defendants have maintained "a consistent policy of failing to provide . . . its non-exempt, hourly employees with itemized wage statements that include all of the required categories of information." Compl. ¶ 33. Plaintiffs allege that this claim is both a "direct[]" claim for "failing to include all of the required categories of information" but also "derivative"—that is, the failure to list all hours worked and all wages earned is based on the allegations that Defendants: failed to pay putative class members for all time and overtime owed (*id.* ¶ 23(a)); failed to pay the required minimum wage (*id.* ¶ 23(b)); owe meal and rest period premiums to putative class members (*id.* ¶¶ 23(c)–(d)); failed to pay split shift wages (*id.* ¶ 23(h)); and failed to pay reporting time pay (*id.* ¶ 23(k)).

[2] While claims for penalties under Labor Code section 203 have a three-year statute of limitations, Defendants are counting only individuals terminated after the end of the class action release period from the settlement in *Molina v. U.S. Bank* (also discussed above), which included a release of waiting time penalties under Labor Code section 203 for non-exempt California employees of Defendants.

27. Plaintiffs therefore seek statutory penalties under Labor Code section 226 ("Wage Statement Penalties"), which are $50 per employee for the initial pay period in which a violation of section 226(a) occurred and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee. Claims for penalties under section 226 have a one-year statute of limitations. *See Boumaiz v. Charter Commc'ns LLC,* No. 219CV06997JLSADS, 2021 WL 2189481, at *4 (C.D. Cal. May 19, 2021) (citing Cal. Code Civ. Proc. § 340 and *Naranjo v. Spectrum Sec. Servs., Inc*., 40 Cal. App. 5th 444, 467 (2019)).

28. Here, there are at least 75,780 biweekly pay periods from September 17, 2025, to the present. The Wage Statement Penalties for these pay periods only—calculated at $50 for the initial pay period per putative class member, and at $100 for subsequent pay periods[3]—are **$7,324,400**.

**c. Attorneys' fees**

29. Plaintiffs also seek an unspecified amount of attorneys' fees in the Complaint. *See, e.g.*, Compl., Prayer for Relief ¶ 6. Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). The Ninth Circuit has established "25 percent of the fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable"). Therefore, the amount of attorneys' fees at issue based only on the recoverable Waiting Time Penalties and Wage Statement Penalties is approximately

[3] To be clear, Defendants are not calculating penalties at the maximum of $4,000 per person, but rather based on the pay periods and putative class members within the applicable statute of limitations.

**$4,002,584** ($16,010,334 combined between Waiting Time Penalties and Wage Statement Penalties x 0.25).

**d. Aggregate and other damages sought**

30. Defendants specifically deny Plaintiffs' claims. As alleged, however, the potentially recoverable Waiting Time Penalties, Wage Statement Penalties, and corresponding attorneys' fees total approximately **$20,012,918**.

31. The jurisdictional threshold is therefore met without taking into account all of the other damages Plaintiffs seek in the Complaint for, among other things, allegedly unpaid wages, overtime, meal period premiums, rest period premiums, other related penalties, and restitution for unlawful and unfair business practices, as well as the corresponding attorneys' fees for those claims.

**D. Conclusion: Jurisdiction is proper under CAFA.**

32. Based on the foregoing, removal jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) Plaintiffs have diverse citizenship from Defendants, and (c) the amount in controversy exceeds $5,000,000.

## VI. COMPLIANCE WITH STATUTORY REQUIREMENTS

33. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as **Exhibit A** a true and correct copy of the Summons and Complaint served on U.S. Bancorp, along with all process, pleadings, and orders served on Defendants. A true and correct copy of Defendants' Answer to the Complaint is attached as **Exhibit B**.

34. This Notice of Removal is timely filed with this Court. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). This 30-day deadline to remove is triggered by formal service of the summons or complaint and "not by mere receipt of the complaint unattended by any formal service." *Osgood v. Main Streat Mktg., Ltd. Liab. Co.*, No. 16cv2415-GPC(BGS), 2016 U.S. Dist.

LEXIS 158074, at *3 (S.D. Cal. Nov. 15, 2016) (citations omitted). Here, Plaintiffs served U.S. Bancorp on September 25, 2026. Accordingly, this Notice of Removal is timely because it is filed within 30 days of Defendants' receipt of notice that this case became removable pursuant to 28 U.S.C. section 1446(b)(3).

35. As required by 28 U.S.C. section 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiffs' attorneys of record and will promptly file a copy of this Notice of Removal with the Clerk for the Los Angeles Superior Court.

36. WHEREFORE, Defendants respectfully request that these proceedings, titled *Jay Kornhaber et al. v. U.S. Bank National Association et al.*, Case No. 26STCV29594, currently pending in the Los Angeles Superior Court, be removed to this Court.

Dated: October 26, 2026 WINSTON TAYLOR LLP

By *<u>/s/ Jason Campbell</u>*
Joan B. Tucker Fife
Jason Campbell
Peyton Sherwood
Jennifer Oh

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION &
U.S. BANCORP